IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEIGH MEGARGEE, et al.,

      Plaintiff,                   CV F 06 0684 LJO WMW P

   vs.                            ORDER RE MOTION (DOC 56)

BILL WITTMAN, et al.,

      Defendants.

     This action arises out of the shooting of Plaintiffs Stanleigh Megargee and Katie Taylor by Defendant Tulare County Sheriff's Deputies Dan Baker and Chad Rhyman on June 5, 2005.  Pending before the court is Plaintiff's Motion to Compel Production and Inspection of personnel files of Officers Dan Baker and Chad Rhyman.

     This action involves an officer involved shooting in Visalia, California on June 5, 2005 following a residential burglary and police pursuit. After committing the burglary, Plaintiffs attempted to flee the scene in a stolen pickup truck, leading Tulare County Sheriff Officers Chad Rhyman and Dan Baker on a high speed chase.   Plaintiffs eventually turned into Prospect Avenue, which is a dead end street. They then made a u-turn in the front yard of a residence.  Officer Rhyman and

1

1    Officer Baker feared for their lives and opened fire in self-defense.

2         The contested facts are whether the police officers actually feared

3    for their lives based on eyewitness accounts and the physical and

4    forensic evidence. The other factual dispute is whether the officers used

5    excessive force given the totality of circumstances and whether the final

6    gunshot to Mr. Megargee's head constituted malice on the part of the

7    shooting officer. Other contested facts will be whether Mr. Megargee was

8    unconscious at the time he was shot in the side of the head at close range.

9    Also, there is an issue whether Tulare County negligently trained and

10   supervised the officers involved in the shooting.

11        Plaintiff's initially sought three categories of documents: The

12   personnel files of Deputies Baker and Rhyman; Files reflecting the

13   training of Baker and Rhyman; County of Tulare policies,

14   procedures/manuals in effect in June 2005 as they relate to the Sheriff

15   Wittman's procedures and practices.  On August 1, 2007, a stipulation and

16   protective order was entered, resolving the issues of the policy and

17   procedure manuals.

18        As to the production of the personnel files, Plaintiffs' request

19   follows: Request For Production No. 6: Please produce the personnel files

20   for Dan Baker and Chad Rhyman.   Defendants' objection: This request is

21   invasive of the individual Defendants' right to privacy.  The requested

22   information would require the disclosure of peace officer personnel

23   records and is therefore protected from disclosure pursuant to Penal

24   Code § 832.7 and § 832.8.

25

26

Defendants oppose the disclosure of irrelevant portions of the police officer personnel records.  Because of the privacy concerns, Defendants request an in camera review of the personnel files prior to disclosure of any relevant information.  Defendants' concern is that these personnel files contain some private information that is completely irrelevant to this action.

Federal Rule of Civil Procedure 26(b)(1) of the Federal Rules of Civil Procedure provide the following:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . The information sought need not be admissible at trial of the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information

privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern district, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), cert. den. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990)(balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

Complaints and investigations relating to excessive force are relevant and discoverable. Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993).   Here, Defendants do not oppose the disclosure of relevant portions of the personnel files.   Defendants request the Court to conduct an in camera review of the personnel files in order to maintain the privacy of Officer Baker and Officer Rhyman, and to determine which portions of the personnel records are relevant.

The Court finds the request for personnel files to be overbroad.   The Court declines to review the entire personnel files of Deputies Baker and Rhyman at this point.   Plaintiffs shall narrow their request to portions of the personnel files, that, by their description, are relevant.   The conduct

at issue in this lawsuit concerns allegations of excessive force by Deputies Baker and Rhyman.  Information relating to allegations of conduct involving excessive force is relevant to Plaintiff's claims and is therefore discoverable.  As to Defendants' privacy concerns, such concerns should be addressed by a stipulated protective order.[1]

Plaintiff's Request For Production No. 2 is a request for "all training files for Dan Baker and Chad Rhyman."   Defendants object on privacy grounds.  The Court finds this request to be overbroad as well.  Plaintiffs should narrow their request to any training that addresses the specific conduct in this lawsuit.  A significant factual dispute exists as to the conduct of Defendants immediately after the pursuit.  As with the personnel records, any privacy issues should be addressed by a stipulated protective order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request  for an order compelling the disclosure of personnel files and training records is denied as overbroad. Plaintiffs are entitled to the relevant portions of the personnel files and training records, subject to a protective order.

---

[1] Any request that seeks conclusions and recommendations regarding any investigations should be limited to the facts presented rather than another's opinion of the events in question.  A jury should decide questions of witness credibility and fact interpretation.

IT IS SO ORDERED.

**Dated:**    **August 24, 2007**                          /s/  **William M. Wunderlich**
                                                          UNITED STATES MAGISTRATE JUDGE