# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEIGH GEAN MEGARGEE and KATIE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>BILL WITTMAN, CHAD RHYMAN and Dan BAKER, in their individual capacity and sheriffs of the COUNTY OF TULARE, and DOES 1 through 100 inclusive,<br><br>    Defendant.<br>_____/ | CASE NO. 1:06-CV-00684 LJO GSA<br><br>ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE<br><br>(Doc. 77) |

   On January 8, 2007, the parties filed a joint statement regarding a discovery dispute pursuant to Local Rule 37-251. The joint statement makes reference to a Motion to Compel brought by the Defendants in which Defendants request that Plaintiff Katie Taylor answer deposition questions regarding her history of drug use prior to, and after, a shooting in which Plaintiff and her boyfriend were shot by Tulare County Sheriff Officers. The parties are requesting that the motion be heard before this court on January 11, 2008, at 9:30 am.

  The court is aware that the non-expert discovery deadline in this case is January 31, 2008. (Doc. 76). However, Local Rule 37-251(a) provides that a motion to compel "may be had by the filing of a notice of motion and motion scheduling the hearing date on the calendar at least twenty-one days from the date of filing." The Rule provides the twenty-one day rule does not apply when the notice of motion and motion are filed concurrently with the joint statement. "If the notice of motion and motion are filed concurrently with the joint statement, the motion shall be placed on the

1

next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least three court days thereafter." Id.  In this case, Defendants have not filed a motion or a notice of motion. As such, there is no motion currently before the court and the matter will not be heard on January 11, 2008 at 9:30 am. Defendants shall file a motion and notice of motion no later than Tuesday, January 15, 2008 if they wish to proceed. The court is available to hear this motion on January 18, 2008 at 9:30 am.

In the Joint Statement, Plaintiff is asserting that her past or present drug use has no bearing on the issues at hand in this case, nor are the contested questions likely to lead to admissible evidence at trial.  Plaintiff contends that the questions invade Ms. Taylor's privacy rights since she was a minor at the time of the shooting, that any alleged criminal behavior is completely irrelevant to Plaintiff's claims, and the questions are more prejudicial than probative.  Plaintiff also asserts that requiring her to answer these questions while her criminal case remains open invades her right to invoke her Fifth Amendment privilege.  Defendants rebut Plaintiff's claims with regard to the Fifth Amendment arguing that the privilege as to Plaintiff's pre- and post- incident drug use was not properly asserted at the deposition and is therefore waived.

The Court notes that other than citing Evidence Code 352 which applies to state rather than federal cases, and the Fifth Amendment, Plaintiff cites no case authority in support of her positions. Plaintiff is advised that failure to provide the Court with additional authorities may result in the granting of the Defendants' motion. Moreover, given Defendants' arguments with regard to a waiver of the Fifth Amendment rights, and the expedited nature of the motion, the court will be requiring further briefing on this issue.  The parties shall address the following:

1) Plaintiff indicates that a criminal case is still pending against her.  It is unclear if Plaintiff is referring to criminal charges related to the residential burglary which led to the shooting, or if there are other cases pending against Plaintiff.  Plaintiff shall clearly indicate what criminal case she is referring to, what charges are pending, and how specifically answering questions related to her drug use pre- and post-incident would violate her right to invoke her Fifth Amendment privilege; and

2) Both parties shall address whether the extensive testimony already given by Plaintiff regarding her drug use during the twenty-four hour period prior to the incident constitutes a waiver

of her Fifth Amendment Rights as to her drug use in the pre- and post-incident period. <u>See</u>, Taylor Deposition, 29:18-25; 30: 1-4; 30:19-22; 31:6-11; 31:17-25; 32: 1-14; 34: 10-13; 35:1-3; 35:18 -25; 35: 15-17; and

   3) Plaintiff asserts that the she objected to the contested questions on Fifth Amendment grounds prior the completion of her deposition.  However, a review of the transcript indicates that the Plaintiff's Fifth Amendment objections related only to questions involving Plaintiff providing drugs to others, not taking them herself. <u>See</u>, Taylor Deposition, 34:17-25; 35:1-3; 35: 13-17.  Both parties shall address whether Plaintiff is now precluded from raising the Fifth Amendment privilege objection in this motion since, although the privilege was not asserted at the time of the deposition, Plaintiff refused to answer the contested questions on other grounds and did not incriminate herself.

  The parties shall submit the required filings no later than Tuesday, January 15, 2008 at 12:00 pm.  The hearing on the motion will be scheduled for Friday, January 18, 2008 at 9:30 in Courtroom 10, after Defendants file their Motion to Compel and the Notice of Motion.

  IT IS SO ORDERED.

  Dated:  **January 10, 2008**      /s/ **Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE